## Case No. 6,245.

### HAWKINS v. HASTINGS NAT. BANK.

[1 Dill. 453.][1]

Circuit Court, D. Minnesota. 1870.

BANKRUPTCY—APPEALS IN EQUITY CASES—HOW TAKEN—PRACTICE.

Appeals, in equity cases, under the bankrupt act [of 1867 (14 Stat. 517)], from the district to the circuit court, are regulated by section 8, and general order 26 in bankruptcy, framed by the supreme court; and where, in an equity case, the record did not show that an appeal was claimed, or notice given, and contained no bond, it was dismissed by the circuit court.

This was an appeal from the district court. In that court a bill was brought by the complainant, as assignee in bankruptcy, to set aside a mortgage made by the bankrupt to the respondent, and for an injunction to prevent proceedings under the mortgage. [Case No. 6,244.] The ground of the bill was that the mortgage is void because made in fraud of the bankrupt act. A motion was made to dismiss the appeal from the decree of the district court; and the general question was how cases of this kind should come

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

from the district court to this court; and if by appeal, what steps are necessary. Section 8 of the bankrupt act provides that "appeals may be taken from the district to the circuit court, in all cases in equity, but no appeal shall be allowed in any case from the district to the circuit court unless it is claimed, and notice thereof given to the clerk of the district court, to be entered with the record of the proceedings, and also * * * to the defeated party in equity within ten days after the entry of the decree or decision appealed from." As to appeals generally, see section 22 of the judiciary act, as modified by the act of March 3, 1803 (2 Stat. 244), these being the leading statutes respecting appeals in equity in the courts of the United States. The 26th general order in bankruptcy, framed by the supreme court, prescribes that "appeals in equity from the district to the circuit court shall be regulated by the rules governing appeals in equity in the courts of the United States," &c.

C. K. Davis, for complainant.
Smith & Van Slyck, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice (orally). Alluding to section 8 of the bankrupt act, part of which is quoted above, he observed, in substance, that it provided for a writ of error and for two classes of appeals. One class was appeals in equity causes proper, of which the district court was given jurisdiction in broad and plain terms by the first and second sections of the act. The other class of appeals related to controversies between creditors and assignees in relation to the allowance and rejection of claims, the procedure on appeal, in this class, when taken by the creditor being further regulated by section 24. This provision as to appeal is anomalous, since the general legislation of congress discriminates between writs of error and appeals; but within this class the present cause does not fall.

The bill filed by the assignee makes a case confessedly of equity cognizance, and comes within the class of appeals first mentioned.

Section 8 of the bankrupt act and general order 26 apply to it. Such a case must come into this court by appeal, and not by writ of error, and the appeal must be claimed and notice given as in other cases. In this case, the record does not show that any appeal was claimed or allowed, or any notice or security given. The motion to dismiss the appeal is therefore sustained. Motion sustained.

NOTE. Construction of section 2 and section 8 of bankrupt act: Ruddick v. Billings [Case No. 12,110], and note of reporter; Morgan v. Thornhill, 11 Wall. [78 U. S.] 65; Ex parte Alexander [Case No. 160], decided by Chase, C. J.; Langley v. Perry [Id. 8,067], decided by Swayne, J.; York's Case [Id. 18,139]; In re Hall [Id. 5,920.]